**ZHEN DENG CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–4601–AG.

United States Court of Appeals, Second Circuit.

April 6, 2006.

Gary J. Yerman, Law Office of Gary Yerman. New York, New York, for Petitioner.

Patrick Fitzgerald, United States Attorney, Northern District of Illinois. Edmond E. Chang, Jacqueline Stern, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Jr., and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Zhen Deng Chen, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ correctly found that Chen had failed to establish either past persecution or a well-founded fear of future persecution based on his practice of Falun Gong. Regarding Chen's past persecution claim, the IJ correctly found that Chen had provided no evidence of mistreatment, as he had never been threatened, detained, physically mistreated or subjected to police scrutiny. Regarding Chen's future persecution claim, the IJ correctly found that Chen had failed to establish both his familiarity with the history and practice of Falun Gong, and any motivation to continue his Falun Gong practice. The IJ correctly pointed to Chen's motivation to practice Falun Gong in China because of his girlfriend, and

Chen's failure to continue practicing after arriving in the United States. In fact, Chen admitted that he had only practiced Falun Gong in China for several months before he had fled. The IJ also found that Chen had failed to show that, if returned to China, he could not relocate to another area and be free from persecution. Moreover, because Chen failed to establish his eligibility for asylum, the IJ properly concluded that he had failed to satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71. Accordingly, the IJ correctly found that Chen had failed to establish eligibility for asylum and withholding of removal.

Regarding Chen's CAT claim, the IJ failed to make any finding on the record despite the fact that Chen had properly raised a CAT claim both in his asylum application and before the IJ at his asylum hearing. Furthermore, Chen properly raised his CAT claim before the BIA and in his petition for review to this Court. This Court has clearly held that an IJ must always consider a petitioner's CAT claim independent of the findings of his asylum and withholding claims, and must make a specific finding as to an applicant's CAT claim. *See Ramsameachire,* 357 F.3d at 185 ("The CAT claim therefore must always be considered independently of the resolution of the alien's claims under the INA.").

In this case, however, the only basis for Chen's CAT claim was his involvement in Falun Gong, which the IJ found did not support eligibility for asylum or withholding. The failure of Chen's asylum and withholding claims thus logically precludes success on the CAT claim. *See Xue Hong Yang v. U.S. DOJ,* 426 F.3d 520, 523 (2d Cir.2005) (holding that although asylum and CAT claims require separate analysis, where a petitioner "failed to establish a particular fact ... and that fact formed

the only potentially valid basis for [the] CAT claim," it was proper to deny the CAT claim for the same reasons as the asylum claim). Therefore, despite the IJ's error, it is clear that Chen's CAT claim cannot succeed, and we need not remand. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) ("we are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

For the foregoing reasons, the petition is DENIED.